UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL J. ALEXANDER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:10-cv-914-RLY-DML |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION AGENTS NEAL O. | ) | |
| FREEMAN, JAMES RANDALL HOWELL | ) | |
| and UNKNOWN FBI AGENTS; and | ) | |
| MARK McKINNEY, Prosecutor of the 46th | ) | |
| Judicial Circuit, | ) | |
|     Defendants. | ) | |

**ENTRY ON (1) PROSECUTOR McKINNEY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, and (2) FEDERAL DEFENDANTS' MOTION TO DISMISS**

Before the court are two motions to dismiss filed by the Defendants: (1) Prosecutor McKinney's Motion to Dismiss Second Amended Complaint, and (2) the Federal Defendants' Motion to Dismiss. For the reasons set forth below, the court **GRANTS** Prosecutor McKinney's Motion to Dismiss, and **GRANTS** in part, and **DENIES** in part, the Federal Defendants' Motion to Dismiss.

**I.     Factual Allegations**

Plaintiff is a criminal defense attorney, and, in that capacity, was "a vocal critic of the actions of the City of Muncie/Delaware County Drug Task Force ("DTF")" and the manner in which the drug forfeitures were handled by then Deputy Prosecutor Mark

1

McKinney ("McKinney"), from approximately the year 2000 to December 31, 2006. (Second Amended Complaint ¶¶ 3, 14).

The allegations of Plaintiff's Second Amended Complaint are hard to understand.[1] In the simplest terms, Plaintiff alleges that in June 2006, Neal Freeman ("Freeman"), James Howell ("Howell"), and other unidentified agents of the Federal Bureau of Investigation ("FBI"), began to investigate Jeff Hinds ("Hinds"), an investigator employed by Plaintiff, for possible involvement in a bribery scheme involving Plaintiff's former client (and friend of Hinds), Adrian Kirtz ("Kirtz"); Kirtz's father, Stanley Chrisp ("Chrisp"); and Kirtz's brother, Stanley Wills ("Wills"). (*Id*. ¶ 12). In July 2006, Freeman and Howell, in an effort to determine the extent of Plaintiff's involvement in the bribery scheme, if any, provided Kirtz, and Chrisp electronic monitoring equipment and sent them to Plaintiff's law office to record their conversation with Plaintiff. (*Id*. ¶ 13). Plaintiff denied any involvement in the bribery scheme. (*Id*.).

In January 2007, McKinney took office as Prosecutor. (*Id*. ¶ 18). At that time, Kirtz and Chrisp were in legal trouble. Kirtz had been charged with numerous drug charges, including a Class A felony dealing in cocaine charge, in Delaware Circuit Court, and Kirtz and Chrisp were targets of a federal investigation involving an arson ring. (*Id*. ¶¶ 18, 19). Shortly after McKinney took office as Prosecutor, McKinney met Kirtz and Kirtz's lawyer, and informed them that he "hated [Plaintiff] and that he wanted a case to

---

[1] Plaintiff's allegations concerning Plaintiff's former client, Christopher Bryant, and his involvement, if any, in the overall conspiracy, are incomprehensible.

2

prosecute against [Plaintiff]." (*Id*. ¶ 17). Subsequent to this conversation, Plaintiff alleges that Freeman, Howell, McKinney, Kirtz and Chrisp entered into a conspiracy to manufacture evidence to charge the Plaintiff with conspiracy to commit bribery. (*Id*. 20). In furtherance of this conspiracy, Kirtz and Chrisp met with Plaintiff on several occasions in February 2007, and recorded the conversations. (*Id*. ¶¶ 23-26). Plaintiff alleges that, at some unknown time, Freeman and Howell "manipulated or destroyed the recordings and other documentation in the FBI file in an effort to destroy the exculpatory evidence that the Plaintiff had provided." (*Id*. ¶ 22).

In exchange for Kirtz's assistance, Freeman, McKinney, and unknown members of the DTF agreed to return the property and monies that were seized during his arrest, and agreed to allow Kirtz to plead guilty to a single Class D felony. (*Id*. ¶ 33). All other charges against Kirtz were dismissed. (*Id*.). (It is unknown what Chrisp received for his assistance.)

On February 28, 2007, a special prosecutor, James Luttrell, was appointed to prosecute the case, and on February 28, 2008, Plaintiff was charged with conspiracy to commit bribery, a Class C felony, in the Delaware Circuit Court. (*Id*. ¶ 7). During the trial, "it was first revealed" that "[Freeman] and [Howell] and other unidentified FBI agents, among other things, manipulated and withheld exculpatory evidence of the Plaintiff's involvement in the alleged bribery." (*Id*.). On March 13, 2009, at the conclusion of the jury trial, Plaintiff was acquitted. (*Id*.).

On July 9, 2010, Plaintiff filed the present lawsuit against the Defendants in the

3

Delaware Circuit Court. It was subsequently removed to this court on July 19, 2010. Plaintiffs' Second Amended Complaint alleges, *inter alia*, that McKinney, Freeman and Howell "violated the rights of the Plaintiff under the . . . . Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution." (*Id.* ¶ 41).

## II. Dismissal Standard

Pursuant to Rule 12(b)(6), a complaint may be dismissed if the plaintiff fails to state a claim upon which relief may be granted. The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint, not to decide the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While detailed factual allegations are not required, the plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "a complaint must contain sufficient factual matter . . . to 'state a claim to

relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.*

## III.   Discussion

### A.   Prosecutor McKinney's Motion to Dismiss

McKinney claims that Plaintiff's claims are barred by sovereign immunity, the doctrine of prosecutorial immunity, and the statute of limitations. In addition, McKinney claims he is entitled to qualified immunity from suit as to the claims asserted, and any claims not barred by the foregoing defenses – Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment Section 1983 claims and his Section 1985 conspiracy claim – fail to state a claim upon which relief can be granted. Plaintiff does not challenge the showing by McKinney that in his official capacity, he is not subject to suit under Sections 1983 or 1985. In addition, Plaintiff did not present any arguments that would allow his Section 1983 claims under the Fifth or Eighth Amendments to proceed against McKinney. Finally, Plaintiff does not refute the arguments presented by McKinney regarding the alleged claims under Section 1985. Accordingly, these claims are dismissed.

This Entry addresses Plaintiff's Fourth and Fourteenth Amendment Section 1983 claims. The court will first address whether McKinney is entitled to absolute immunity

from the actions alleged in the Second Amended Complaint.

        **1.**       **Absolute Immunity**

A state court prosecutor enjoys absolute immunity from civil suit under Section 1983 for damages "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The immunity is absolute, and applies even when the prosecutor has acted "without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *see also Buckley v. Fitzsimmons*, 20 F.3d 789, 794 (7th Cir. 1994) (prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"). However, when a prosecutor performs "investigative functions normally performed by a detective or police officer," he is entitled only to qualified immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). In an effort to clarify the line between a prosecutor's advocacy and investigatory roles, the Supreme Court declared that "a prosecutor is not functioning as an advocate, and hence does not have absolute immunity, 'before he has probable cause to have anyone arrested.'" *Buckley*, 20 F.3d at 794 (quoting *Buckley*, 509 U.S. at 274). McKinney, as the party seeking immunity, "'bears the burden of showing that such immunity is justified for the function in question.'" *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

The allegations of Plaintiff's Second Amended Complaint allege that in January 2007, McKinney, FBI agents Freeman and Howell, and Plaintiff's former clients, entered

into a conspiracy to "manufacture evidence" against Plaintiff. In furtherance of this conspiracy, Plaintiff alleges that the "Defendants" essentially used Kirtz as an informant in an effort to trick the Plaintiff into implicating himself in some sort of bribery conspiracy. It is not clear the extent, if any, of McKinney's actual involvement in the alleged conspiracy. What is clear, however, is that McKinney's involvement as alleged was investigatory in nature, and occurred before he had probable cause to arrest the Plaintiff. Indeed, Plaintiff was not charged with a crime until February 28, 2008. Accordingly, the court finds that McKinney is not entitled to absolute immunity for the actions taken by him which occurred before he had probable cause to arrest the Plaintiff.

### 2. Qualified Immunity

Plaintiff brings his Fourth and Fourteenth Amendment claims under Section 1983. That section provides a private cause of action against a person, who acting under color of state law, deprives an individual of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (quoting 42 U.S.C. § 1983)). "Section 1983 is not itself a font for substantive rights; instead it acts as an instrument for vindicating federal rights conferred elsewhere." *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997).

Plaintiff phrases his allegations in the form of a conspiracy in an attempt to hold McKinney accountable for the actions of the special prosecutor and other third parties. "To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to

7

deprive the plaintiff of his constitutional rights, and (2) these parties were willful participants in joint activity with the State or its agents." *Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000) (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (internal quotation omitted)). Although the mere allegation of a conspiracy is insufficient to withstand a motion to dismiss, *House v. Belford*, 956 F.2d 711, 721 (7th Cir. 1992) (citing *Tarkowski v. Robert Bartlett Realty*, 644 F.2d 1204, 1206 (7th Cir. 1980)), the liberal pleading standards require only that the plaintiff give notice of the time, scope, and parties involved. *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) ("[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with."); *see also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (same).

Paragraphs 23 through 27 contain the alleged overt acts in furtherance of the conspiracy – i.e., the recorded meetings with Plaintiff. The thrust of the allegations is that McKinney, Freeman, Howell, Kirtz, and Chrisp entered into a conspiracy in January 2007, to manufacture evidence against the Plaintiff. In furtherance of that conspiracy, on February 1, 2007, and February 15, 2007, McKinney, Freeman, and Howell used Kirtz and Chrisp as informants to electronically record their conversations with Plaintiff. Plaintiff alleges that the evidence was tampered with in an effort to eliminate any exculpatory evidence. The court finds that these allegations are sufficient to state a Section 1983 conspiracy claim against McKinney.

Unfortunately for the Plaintiff, he fails to identify the constitutional right at issue –

8

the first step in a qualified immunity analysis. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff defines the right at issue as his "due process rights to not be deprived of his liberty premised upon manufactured false evidence." (Plaintiff's Brief in Opposition at 11). Plaintiff maintains, however, that he is not bringing a false arrest claim, (*id*. at 12), nor a claim that his trial was fundamentally unfair. Moreover, Plaintiff explicitly disavows that he is bringing a *Brady* claim for the withholding of evidence. (*Id*. at n. 3) ("[Plaintiff's] claim that McKinney withheld Brady evidence is not used to assert a Brady violation, but is evidence of the extent that McKinney was willing to go to violate [Plaintiff's] due process constitutionally protected rights."). To the extent Plaintiff's claim is centered on McKinney's alleged fabrication of evidence, Plaintiff's claim must necessarily fail. There is no such right recognized in the Seventh Circuit. *See Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002) ("[T]here is no 'constitutional right not to be prosecuted without probable cause.'") (quoting *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001)); *Buckley*, 20 F.3d at 796 ("Neither shopping for a favorable witness nor hiring a practitioner of junk science is actionable . . . .").

In sum, no deprivation of liberty or property rights is alleged other than his arrest. Plaintiff's false arrest claim suffers from three defects. First, Plaintiff concedes that his arrest was accomplished by other individuals, after the filing of charges by the *special prosecutor*, not McKinney. Second, a prosecutor's decision to file charges is entitled to absolute immunity, even if, as stated above, the decision is motivated by malice or the charges lack probable cause. *Henry*, 808 F.2d at 1238. Third, Plaintiff's Section 1983

9

false arrest claim accrues at the time of arrest, *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995), and is subject to a two-year statute of limitations. *Brademas v. Indiana Hous. Fin. Auth.*, 354 F.3d 681, 685 (7th Cir. 2004); *Kelley v. Myler*, 149 F.3d 641, 645 (7th Cir. 1998). As Plaintiff was arrested in February 2008, and his Complaint in this action was filed in July 2010, Plaintiff's Section 1983 false arrest claim is time-barred. For these reasons, McKinney is entitled to qualified immunity.

### B. The Federal Defendants' Motion to Dismiss

The Federal Defendants move to dismiss the following claims: (1) all official capacity claims; (2) Plaintiff's Section 1983 claims asserted under the Fourth, Eighth, Fourteenth, and Fifth Amendments; and (3) Plaintiff's Section 1985 conspiracy claims. Plaintiff responds that the Federal Defendants did not read his Second Amended Complaint correctly, and that he is alleging essentially only two claims: a Section 1983 conspiracy claim and a *Bivens'* claim. The court will address these two claims below.

#### 1. Section 1983 Conspiracy

Title 42 U.S.C. § 1983 provides that "[e]very person" who acts "under color of" state law to deprive another of constitutional rights shall be liable in a suit for damages. The first issue is whether the Federal Defendants, Freeman and Howell, acted under "color of state law."

Generally, federal officers are shielded from suit under Section 1983. *Dist. of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (Section 1983 "does not apply to the actions of the Federal Government and its officers. . . ."). However, private individuals

"act 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984); *see also Beechwood Restorative Care Cent. v. Leeds*, 436 F.3d 147, 154 (2nd Cir. 2006) ("A federal actor may be subject to section 1983 liability where there is evidence that the federal actor was engaged in a 'conspiracy' with state defendants."). Plaintiff alleges that Freeman and Howell conspired with McKinney, a state official, to deprive Plaintiff of his constitutional rights, and specifically alleges that they did, indeed, act under color of state law at all relevant times. Accordingly, the court finds Plaintiff includes an adequate allegation of conduct "under color of" state law for purposes of his Section 1983 claim.

The court further finds that, for the purposes of a motion to dismiss, these allegations support a Section 1983 claim for conspiracy, for the reasons discussed above with regard to McKinney's motion to dismiss. As the Federal Defendants did not assert the defense of immunity in their papers, this claim remains.

### 2. Bivens' Claim

As noted above, Plaintiff also brings a *Bivens'* claim[2] against the individual federal officers for the violation of his constitutional rights. *See Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). With respect to Plaintiff's *Bivens'* claim, Plaintiff must identify the constitutional right that he alleges was violated by the officers' conduct. *Shelby v. Gelios*, 287 Fed.Appx. 526, 528-29 (7th Cir. 2008).

---

[2] Based upon a review of his Response Brief, it does not appear that Plaintiff is bringing a *Bivens'* conspiracy claim.

Plaintiff's Response suffers from the same defects as his Response to McKinney's motion to dismiss – he fails to identify the constitutional right at issue for purposes of his Section 1983 and his *Bivens'* claims. Although he proclaims that his "4th Amendment, his 5th Amendment, his 14th Amendment and substantive due process rights were violated," (Plaintiff's Response at 9), he also explicitly states that he "is not alleging a wrongful arrest claim, a *Brady* violation claim, a malicious prosecution claim, a perjury claim or a defamation claim." (*Id*. at 8-9).

*Bivens*' claims are not themselves substantive claims; they are vehicles by which private citizens may enforce constitutional claims against officials acting under color of federal law. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Merely alleging the violation of a constitutional right is not sufficient to establish the elements of that claim. Because Plaintiff fails to identify the constitutional right at issue in this case, his *Bivens'* claim must be dismissed.

### III. Conclusion

For the reasons set forth above, the court **GRANTS** Prosecutor McKinney's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket # 39), and **GRANTS** in part, and **DENIES** in part, the Federal Defendants' Motion to Dismiss (Docket # 37). Specifically, the court **GRANTS** the Federal Defendants' motion with respect to Plaintiff's official capacity claims, his *Bivens'* claim, and his Section 1983 claims asserted under the Fourth, Fifth, Eighth, and Fourteenth Amendments, and **DENIES** the

Federal Defendants' motion with respect to Plaintiff's Section 1983 conspiracy claim.

**SO ORDERED** this  12th  day of April 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Donald K. McClellan
MCCLELLAN & MCCLELLAN
gah241966@yahoo.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov