UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL J. ALEXANDER,               )
      Plaintiff,               )
                       )
   vs.               )               1:10-cv-914-RLY-DKL
                       )
FEDERAL BUREAU OF               )
INVESTIGATION AGENTS NEAL O.      )
FREEMAN, JAMES RANDALL HOWELL )
and UNKNOWN FBI AGENTS,               )
      Defendants.               )

**ENTRY ON THE FEDERAL DEFENDANTS' MOTION FOR JUDGMENT ON
THE PLEADINGS**

      Plaintiff, Michael Alexander ("Plaintiff"), a criminal defense attorney, was

charged and tried by a jury for conspiracy to commit bribery, and acquitted. Following

his trial, Plaintiff filed a Complaint alleging that a former state prosecutor, Mark

McKinney ("Prosecutor McKinney"), conspired with agents from the Federal Bureau of

Investigation ("FBI"), to fabricate and manipulate evidence in support of this charge. On

April 12, 2011, the court granted Prosecutor McKinney's Motion to Dismiss, and granted

in part, and denied in part, the Federal Defendants' Motion to Dismiss. The Federal

Defendants now move for judgment on the pleadings with respect to the only surviving

claim in Plaintiff's Second Amended Complaint – Plaintiff's claim that the Federal

Defendants conspired with state officials to deprive him of his constitutional rights under

42 U.S.C. § 1983. The present motion, much like the motion to dismiss that precedes it,

is difficult to analyze.

In Plaintiff's Response to the Federal Defendants' motion to dismiss, Plaintiff

explained that the only causes of action he was asserting against the Federal Defendants

were a Section 1983 conspiracy claim and a *Bivens'* claim. In addition, he stated that:

> [Plaintiff] is not alleging a wrongful arrest claim, a *Brady* violation claim, a
> malicious prosecution claim, a perjury claim or a defamation claim.
> However, due to his § 1983 claims and *Bivens'* claims, he was in fact
> wrongfully arrested, exculpatory evidence was hidden and/or destroyed and
> withheld, he underwent a prosecution, without probable cause, for which
> evidence was manufactured and perjured testimony was secured . . . .
> [Plaintiff's] damages flow from the § 1983 violations and the *Bivens'*
> violations because his 4th Amendment, his 5th Amendment, his 14th
> Amendment and his substantive due process rights were violated.

(Plaintiff's Response to Federal Defendants' Motion to Dismiss, Docket # 42, at 8-9).

The Federal Defendants and the court interpreted the above as an admission that he was

not asserting a false arrest claim, a *Brady* claim for the withholding of material evidence,

and/or a due process claim contesting the fairness of his prosecution, as the substantive

basis for his Section 1983 and *Bivens'* claims. Because Plaintiff failed to identify the

constitutional right that was allegedly violated by the Federal Defendants, the court

dismissed Plaintiff's *Bivens'* claim. However, the court allowed the Section 1983

conspiracy claim to remain.

"'To establish Section 1983 liability through a conspiracy theory, a plaintiff must

demonstrate that: (1) a state official and private individual(s) reached an understanding to

deprive the plaintiff of his constitutional rights, and (2) these parties were willful

participants in joint activity with the State or its agents.'" *See Brokaw v. Mercer County*,

235 F.3d 1000, 1016 (7th Cir. 2000) (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (internal quotation omitted)). The court interpreted the relevant case law as allowing a conspiracy claim to go forward based on an allegation that the Federal Defendants conspired to deprive him of a constitutional right (as opposed to specifying the right at issue). The court was in error. *See Estate of Himelstein v. City of Fort Wayne, Ind.*, 898 F.2d 573, 575 (7th Cir. 1990) (holding that to state a Section 1983 claim, "a plaintiff must allege facts that, if believed, would show that a federal right was actually violated."). Thus, given the court's logic in the Federal Defendants' Motion to Dismiss, the court should dismiss this claim for the same reasons it dismissed Plaintiff's *Bivens*' claim.

The resolution of Plaintiff's Section 1983 conspiracy claim, however, is not that simple. The Plaintiff now asserts that the court misinterpreted his explanation of the causes of action that he was *not* asserting in his Second Amended Complaint. (*See* Plaintiff's Response to Federal Defendants' Motion for Judgment on the Pleadings, Docket # 61, at 5) ("Plaintiffs' counsel apologizes if his drafting error misled the Court into its ruling since he was only attempting to point out the differences between the Federal causes of action and the underlying State actions.")). Stated differently, he now claims to be asserting "a *Brady* violation" and a claim that the "Federal Defendants manufactured false evidence, which are due process violations of [Plaintiff's] right to a fair trial." (*Id.*).

Plaintiff has specifically disavowed bringing a *Brady* claim on three separate

occasions.  (*See* Plaintiff's Brief in Opposition to State Defendant's Motion to Dismiss, Docket # 30 at 11 n.4; Plaintiff's Brief in Opposition to Federal Defendant's Motion to Dismiss, Docket # 42 at 8; Plaintiff's Brief in Opposition to Prosecutor McKinney's Motion to Dismiss, Docket # 42 at 44).  At no time during or following the briefing of those motions, or following the court's rulings on the same, did Plaintiff attempt to clarify any misunderstanding either the Defendants or the court may have had.  It is a little too late in the game to switch positions.

Moreover, Plaintiff does not state a claim on the merits.  A *Brady* violation occurs when the prosecution fails to turn over exculpatory or impeaching evidence, thus violating a defendant's due process rights.  *Youngblood v. West Virginia*, 547 U.S. 867, 869 (U.S. 2006) (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)).  A *Brady* violation consists of three basic elements: "(1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued – in other words, 'materiality.'"  *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008) (quoting *Youngblood*, 547 U.S. at 869-70).  "Evidence is 'material' 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"  *Id*. at 567 (quoting *Strickler v. Greene*, 527 U.S. 263, 280 (U.S. 1999)).

The Seventh Circuit has expressed doubt in recent decisions as to whether "an acquitted defendant can ever establish the requisite prejudice for a *Brady* violation."  *Id*.

4

at 570; *see also Mosley v. City of Chicago*, 614 F.3d 391, 397 (7th Cir. 2010); *Bielanski v. County of Kane*, 550 F.3d 632, 644 (7th Cir. 2008). Accordingly, the *Bielanski* Court held that where a criminal trial ends in acquittal, "if such a claim exists," a plaintiff asserting a *Brady* claim would need to show that "the decision to go to trial would have been altered by the desired disclosure." *Mosley*, 614 F.3d at 397 (quoting *Bielanski*, 550 F.3d at 645). In other words, the plaintiff would need to show that if all parties were aware of the allegedly exculpatory or impeaching evidence, the prosecutor would not have moved forward with the charges, the grand jury would not have indicted the plaintiff, or the charges would have been dismissed before trial. *Id*.

Rather than argue the application of *Carvajal*, *Mosley*, or *Bielanski* to his case, Plaintiff argues that *Johnson v. Dossey* controls. 515 F.3d 778 (7th Cir. 2008). According to Plaintiff, the Seventh Circuit held that Johnson, who was acquitted at trial, sufficiently stated a claim under *Brady*. Plaintiff's short discussion of the case neglects to discuss these salient facts: (1) that Johnson was arrested, charged, tried, and convicted of arson, and imprisoned for over a year; and (2) that she was granted a new trial based upon a previously undisclosed exculpatory report from the DuPage County Fire Investigation Task Force, and acquitted. *Id*. at 780. Johnson's *Brady* claim stemmed from the fact that the undisclosed material evidence may have played a role in her *conviction. Id*. at 781 ("*Brady* held that the suppression of evidence favorable to the accused violated due process where the evidence is material either to guilt or to punishment. Clearly the amended complaint sufficiently alleges a *Brady* violation."). Johnson's acquittal was

5

relevant for determining when her *Brady* claim accrued for statute of limitations purposes, but played no role in the Court's *Brady* analysis. *Id.* at 782. In other words, this case does not put the holdings of *Carvajal*, *Mosley*, or *Bielanski* into doubt. Because Plaintiff failed to cite to relevant authority, and failed to develop his argument in any meaningful way, the court finds that he has failed to state a *Brady* claim upon which relief can be granted. *See Sere v. Bd. of Trs. of Univ. of Ill.*, 852 F.2d 285, 287 (7th Cir. 1988) ("It is not the obligation of the court to research and construct the legal arguments open to parties, especially when they are represented by counsel."); *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986) (failure to cite relevant authority constitutes a waiver).

This leaves Plaintiff's due process claim that he was denied a fair trial due to manufactured and/or altered evidence. Unfortunately for the Plaintiff, this claim cannot lie, as it is essentially a claim for malicious prosecution. *See McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (noting that plaintiff's allegations that the police denied him due process "by causing him to suffer '[a] deprivation of liberty from a prosecution and a contrived conviction . . . deliberately obtained from the use of false evidence," is "in essence, one for malicious prosecution, rather than a due process violation."). Because Indiana law provides for the tort of malicious prosecution, "any claim [Plaintiff] had against the [Federal Defendants] should have been brought under [Indiana] law." *Id.* (citing *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) (noting that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution")).

Plaintiff, having failed to sufficiently allege a constitutional violation that would support a Section 1983 conspiracy claim, the court must **GRANT** the Federal Defendants' Motion for Judgment on the Pleadings (Docket # 53).


**SO ORDERED** this 12th day of October 2011.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Donald K. McClellan
MCCLELLAN & MCCLELLAN
gah241966@yahoo.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov